SILER, Circuit Judge, dissenting.
As seen from the majority opinion, very few cases have discussed this dilemma. It would have been easy for the prosecution to have charged the defendant with mail or wire fraud before the statute of limitations expired, but it was not effected for some reason. Now, we must decide whether the conduct by defendants amounted to a violation of the bank fraud statute. I think it did and I would affirm the convictions for the reasons stated herein.
There is little dispute that the defendants perpetrated a fraud on the mortgage companies involved. The basic question is whether the wholly-owned subsidiaries (mortgage companies) are part of the parent banks. The fraud on the mortgage companies is fraud on the banks. Defendants knew this and conducted their business with the banks directly. For instance, checks from Puckett to repay some of the debt to SunTrust Mortgage were paid directly to SunTrust Bank and Puckett's ex-wife admitted the fraudulently obtained mortgage funds came from the bank.
When 18 U.S.C. § 1344 was considered for amendment in 2009, to include mortgage lending businesses under the definition of "financial institutions," Congress wanted to be certain that there would be no problems like the ones in this particular case. The majority correctly indicates that the language was not included without purpose, but I think Congress wanted to close any potential loophole that might arise. In particular, Congress was concerned with amending the statute to include the transactions where most of the fraud was occurring, that is, with independent mortgage companies which were not a subsidiary of a bank already covered under the Federal Deposit Insurance Corporation.
The majority dismisses the decision in United States v. Hall , 613 F.3d 249, 252 (D.C. Cir. 2010), because it was decided before Loughrin v. United States , 573 U.S. 351, 355, 134 S.Ct. 2384, 189 L.Ed.2d 411 (2014), but I find no inconsistencies between the two decisions. The language from Hall in particular would allow this court to uphold the convictions under both subsections of the statute where it states "being wholly owned by federally insured Guaranty Bank, a loss to GRL would constitute a loss to Guaranty Bank." Hall , 613 F.3d at 252. Similarly, in this case, a loss to one of these wholly owned subsidiaries constitutes a loss to the parent bank corporation. See also United States v. Chittenden , 848 F.3d 188, 200-01 (4th Cir. 2017) (upholding conviction where subsidiary's "loans were funded from an existing line of credit with [parent corporation]"), abrogated on other grounds and vacated , --- U.S. ----, 138 S.Ct. 447, 199 L.Ed.2d 327 (2017) ; United States v. Irvin , 682 F.3d 1254, 1272-73 (10th Cir. 2012) (funds were owned by, and in the custody and control *558 of the financial institution until dispersed via line of credit to the subsidiary mortgage company); United States v. Walsh , 75 F.3d 1, 9 (1st Cir. 1996) (subsidiary was practically an alter ego of the financial institution).
Therefore, I would affirm the convictions of both defendants under the statute involved.